IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELLERY SEARS and JAMES EDWARDS<br>c/o Christopher Wido, Esq.<br>The Spitz Law Firm, LLC<br>25200 Chagrin Boulevard, Suite 200<br>Beachwood, Ohio 44122<br><br>On behalf of themselves and<br>all others similarly situated,<br><br>v.<br><br>ALLIANCE SECURITY, INC.<br>60 Jefferson Park Road<br>Warwick, Rhode Island 02888<br><br>**Please also serve:**<br>National Registered Agents, Inc.<br>1300 East Ninth Street<br>Cleveland, Ohio 44114<br><br>-and-<br><br>JASJIT GOTRA<br>c/o Alliance Security, Inc.<br>60 Jefferson Park Road<br>Warwick, Rhode Island 02888<br><br>-and-<br><br>BRIAN FABIANO<br>55 Main Street,<br>Slatersville, Rhode Island, 02876<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND THE OHIO MINIMUM FAIR WAGE ACT**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiffs Ellery Sears and James Edwards (collectively "Plaintiffs") bring this action against Defendants Alliance Security, Inc. ("Alliance"), and Terrell Hamrick, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.15 *et seq*. Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts

claims are asserted individually. The following allegations are based upon information and belief, or personal knowledge as to Plaintiffs' own conduct and the conduct and acts of others.

## PARTIES

1. Sears is an adult individual residing at 38480 Aurora Road, city of Solon, county of Cuyahoga, state of Ohio. Sears has consented in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b), and his consent to sue form will be supplemented to this Complaint within 30 days of this filing.

2. Edwards is an adult individual residing at 5900 Marra Drive, city of Bedford Heights, county of Cuyahoga, state of Ohio. Edwards consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

3. Alliance is a Massachusetts for-profit corporation lawfully licensed to conduct business in the state of Ohio, which maintains and/or formerly maintained business operations in Cleveland, Ohio.

4. During all times material to this Complaint, Alliance was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

5. At all times referenced herein, Gotra was the owner, president, and CEO of Alliance.

6. During all times material to this Complaint, Gotra supervised and/or controlled Plaintiffs and the putative class' employment with Alliance, and acted directly or indirectly in the interest of Alliance in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA. See *Mitchell v. Chapman*, 343 F.3d 811, 827-28 (6th Cir.2003).

7. At all times referenced herein, Fabiano was the COO of Alliance.



8. During all times material to this Complaint, Fabiano supervised and/or controlled Plaintiffs and the putative class' employment with Alliance, and acted directly or indirectly in the interest of Alliance in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA. See *Mitchell v. Chapman*, 343 F.3d 811, 827-28 (6th Cir.2003).

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' Ohio Wage Law claims, because those claims derive from a common nucleus of operative fact.

11. This Court has personal jurisdiction over Alliance because Alliance is a corporation that is registered to conduct business in this District, and at all times material to the allegations contained herein, Defendants conducted substantial business in this District and had sufficient minimum contacts within this District.

12. This Court has personal jurisdiction over Gotra and Fabiano because they maintained control, oversight, and direction over Alliance's employment practices, to include the unlawful pay policies described herein.

13. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendants are and always have been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and Defendants have received substantial compensation as a result of doing business in this District. Moreover, at all times material to the allegations contained herein, Defendants were registered to conduct business in the State of Ohio, and conducted substantial business in the State of Ohio

The Employee's Attorney.™ 

## FACTS

14. Alliance holds itself out as "one the leading security companies in the industry."

15. Alliance hires Technicians to service and install home security systems.

16. Alliance hired Sears and Edwards as Technicians in or around June of 2015.

17. Sears' employment with Alliance ended in or around October of 2015.

18. Edwards' employment with Alliance ended in or around October of 2016.

19. Plaintiffs and those similarly-situated were non-exempt employees, and subject to the minimum wage and overtime requirements of the FLSA and the Ohio Wage Law.

20. Alliance directed Plaintiffs and those similarly situated to drive one to three hours to customer's homes in their personal vehicles to install and service equipment.

21. Prior to driving to customer's homes, Plaintiffs and those similarly-situated were required to prepare, package, and report inventory, to load their vehicles with substantial amounts of heavy specialized equipment, to respond to emails, and to go through the days paperwork (including, but not limited to service agreements) ("Morning Home Work").

22. The Morning Home Work typically took an hour or more to complete.

23. The Morning Home Work was an integral and indispensable principal activity for Technicians.

24. The Morning Home Work was a principal activity that began the work day.

25. Because Plaintiffs and those similarly-situated performed principal activities prior to driving to customer's homes, both the Morning Home Work and the driving time were compensable activities under the FLSA.

26. Technicians were often required to wait at customer's homes throughout the day until the customer would arrive at home and allow the Technician to enter their home.

27. Upon arriving home in the afternoon or evening, Plaintiffs and those similarly-situated were required to immediately go through and inventory and report their remaining equipment, to



participate in conference calls, and to respond to other phone calls and emails ("Evening Home Work").

28. The Evening Home Work typically took an hour or more to complete.

29. The Evening Home Work was an integral and indispensable principal activity for Technicians.

30. The work day did not end for Plaintiffs and those similarly-situated until the Evening Home Work was completed.

31. Technicians were required to complete the Evening Home Work as soon as they arrived home, and could not delay the work until later in the evening.

32. Because Plaintiffs and those similarly-situated performed principal activities subsequent to arriving home, both the Evening Home Work and the driving time were compensable activities under the FLSA.

33. Plaintiffs and those similarly-situated routinely worked in excess of forty (40) hours per week.

34. Alliance paid Plaintiffs and those similarly-situated commissions only, with a $500.00 weekly draw or pay guarantee.

35. Alliance did not compensate Plaintiffs and those similarly situated at a rate of time and a half for all hours worked over forty (40) hours in one workweek.

36. At times, Plaintiffs and those similarly-situated worked enough hours that their resulting regular rate of pay dropped below the minimum wage.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

38. Plaintiffs bring this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated individuals who are part of the following class:

> All individuals employed by Alliance Security, Inc. as Technicians and who were not paid for all hours worked, the minimum wage, and/or overtime compensation at a rate



The Employee's Attorney.™

of one and one half times their respective regular rates of pay for hours worked over forty (40) in a workweek at any time during three (3) years preceding the filing of this action

These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

39. Collective Action treatment of Plaintiffs' FLSA claims is appropriate because Plaintiffs and the FLSA Class have been subjected to the common business practices referenced in paragraphs 19-36 *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including*, inter alia*, whether Alliance's companywide practices fail to properly compensate the FLSA Class Members for all hours worked.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiffs restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

41. During all times material to this Complaint, Plaintiffs and the FLSA Class Members were not exempt from receiving minimum wage under the FLSA because, *inter alia*, they were not "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

42. During all times material to this Complaint, Plaintiffs and the FLSA Class Members were not subject to what is commonly known as the "Motor Carrier Act Exemption" because, inter alia, the vehicles they operated (2012-2016 Ford Escapes) had a Gross Vehicle Weight of 10,000 lbs. or less. See 29 U.S. Code § 213(b)(1).

43. During all times material to this Complaint, Plaintiffs and the FLSA Class Members were not exempt from receiving FLSA overtime benefits under the commonly-called "companionship exemption" because, inter alia, they did not work in a "private home," as contemplated by the FLSA. *See* 29 U.S.C. § 213(b)(15) and 29 C.F.R. § 552.1, et seq.



44. During all times material to this Complaint, Plaintiffs and the FLSA Class Members' driving time was not covered by the Portal-to-Portal Act of 1947 because Plaintiffs performed principal activities both before and after they drove, which were not incidental to said driving.

45. During all times material to this Complaint, Defendants failed to pay Plaintiffs and those similarly situated the proper minimum wage rate or for all hours worked as prescribed by 29 U.S.C. § 206.

46. During all times material to this Complaint, Defendants violated the FLSA with respect to the Plaintiffs and the FLSA Class Members by, *inter alia*, failing to compensate them at time-and-one-half their regular rates of pay for any hours worked in excess of forty (40) hours per workweek.

47. During all times material to this complaint, Defendants knew that Plaintiffs and the FLSA Class Members are not exempt from the minimum wage and overtime obligations imposed by the FLSA. Defendants also knew that they were required to pay Plaintiffs and the FLSA Class Members at least the applicable minimum wage, plus overtime compensation at a rate of one and one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Defendants willfully withheld and failed to pay the minimum wage and overtime compensation to which Plaintiffs and the FLSA Class Members are entitled.

48. In violating the FLSA, Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

49. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiffs and those similarly situated for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

The Employee's Attorney.™



## COUNT II: VIOLATION OF THE OHIO WAGE ACT

50. Plaintiffs restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

51. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.

52. During all times material to this Complaint, Alliance was a covered employer required to comply with the Ohio Wage Act's mandates.

53. During all times material to this Complaint, Plaintiffs were covered employees entitled to individual protection of Ohio Wage Act.

54. Defendants violated the Ohio Wage Act with respect to Plaintiffs by, *inter alia*, failing to compensate Plaintiffs for all hours worked, failing to pay Plaintiffs the minimum wage, and failing to pay the Plaintiffs overtime.

55. In violating the Ohio Wage Act, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants Alliance Security, Inc., Jasjit Gotra, and Brian Fabiano and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by Alliance Security, Inc., who work or have worked as technicians, as described herein, and who were not paid for all hours worked, paid less than the minimum wage, and/or denied overtime, at any time during three (3) years preceding the filing of this action;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);



(c) Awarding to Plaintiffs and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(d) Awarding Plaintiffs and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(e) Awarding Plaintiffs and the FLSA Class Members such other and further relief as the Court deems just and proper;

(f) An injunction prohibiting Alliance Security, Inc., from engaging in future violations of the FLSA and the Ohio Wage Act; and

(g) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiffs*



## JURY DEMAND

Plaintiffs demand a trial by jury by the maximum number of jurors permitted.

                                        *s/ Chris P. Wido*
                                        Chris P. Wido (0090441)
                                        **THE SPITZ LAW FIRM, LLC**

